DELL, Judge.
Appellant, Donald L. Ames, M.D. received a favorable verdict in a medical malpractice action brought against him by ap-pellee, Edwin L. Lindsey, M.D. Dr. Ames moved for imposition of attorney’s fees as the prevailing party under section 768.56, Florida Statutes (1983). Dr. Lindsey claimed he was insolvent and therefore exempt under the statute from any such award. The parties stipulated that the reasonable amount of the fees sought by Dr. Ames was $46,184.50. The trial court awarded costs to Dr. Ames and allowed additional discovery on Dr. Lindsey’s claim of insolvency. On deposition, Dr. Lindsey testified that he had a net worth of approximately $1.8 million which consisted primarily of joint assets held with his wife and *565 two IRA’s in his own name. An expert testified that Dr. Lindsey was insolvent because he would be unable to satisfy a judgment for the attorney’s fees. Following a renewed motion to assess fees the trial court entered an order finding Dr. Lindsey insolvent and denying Dr. Ames’ claim for attorney’s fees.
Dr. Ames argues two points on appeal. He contends that the trial court improperly based its order denying attorney’s fees on evidence showing Dr. Lindsey’s assets were exempt from creditors. He also contends that the court improperly failed to award attorney’s fees where Dr. Lindsey did not produce sufficient evidence of insolvency. We reverse.
Section 768.56(1), Florida Statutes (1983) provides:
Except as otherwise provided by law, the court shall award a reasonable attorney’s fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney’s fees shall not be awarded against a party who is insolvent or poverty-stricken. (emphasis added).
Appellant has supplemented the record on appeal with excerpts from the legislative history leading to the enactment of section 768.56(1). We find little help in the material furnished since it at most discloses that the senate staff recognized that the statute did not contain 'a definition of the term “insolvent.” We recognize that the legislature separated the term “insolvent” from “poverty-stricken” with the use of the word “or,” however, we believe that a fair reading of the statute requires that the term “insolvent” be construed in conjunction with the term “poverty stricken.” In our view the legislature did not intend to protect a person with an admitted net worth of $1.8 million from an award of attorney’s fees simply because the assets may be exempt from creditors. The fact that a judgment for attorney’s fees may or may not be collectible should not be solely dispositive of the prevailing party’s entitlement to an award of attorney’s fees. Therefore we hold that under the facts of this case the trial court erred when it denied appellant’s motion for attorney’s fees.
Accordingly, we reverse the trial court’s order denying appellant’s motion for attorney’s fees and remand this case to the trial court with instructions to award appellant attorney’s fees in accordance with the parties’ stipulation as to the amount.
REVERSED and REMANDED.
GUNTHER and GARRETT, JJ., concur.